IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAMADY KABA,

Petitioner,

v.

LEONARD ODDO, *et al.*

Respondents.

3:26-CV-00445-CCW

**ORDER**

Before the Court is Petitioner's Motion to Enforce this Court's March 31, 2026 Order, ECF No. 9. ECF No. 10. Petitioner is a noncitizen detained at Moshannon Valley Processing Center. ECF No. 1. In the Petition, Petitioner requested, *inter alia*, an individualized bond hearing pursuant to 8 U.S.C. § 1226. *Id.* On March 31, 2026, the Court granted the writ of habeas corpus in part, ruled that Petitioner was subject to discretionary detention under 8 U.S.C. § 1226, and ordered Respondents to provide Petitioner with an individualized bond hearing before an immigration judge ("IJ") within seven days. ECF No. 10. On April 2, 2026, Petitioner received a bond hearing before an IJ, who determined that Petitioner was a flight risk and denied bond. ECF Nos. 10 ¶ 2, 10-2 at 1.

On April 21, 2026, Petitioner filed the instant Motion to Enforce the March 31, 2026 Order. ECF No. 10. In the Motion, Petitioner argues the April 2, 2026 bond hearing violated his Fifth Amendment due process rights because the IJ failed to meaningfully assess whether Petitioner is a flight risk and failed to address the fact that Petitioner has complied with all ICE reporting requirements. *Id.* at 2–5. Petitioner asserts that his immediate release from detention is the appropriate remedy. *Id.* at 5. Respondents argue that Petitioner's Motion is an "attempt to

relitigate the merits of the bond order" which the Court lacks jurisdiction to entertain. ECF No. 12 at 2.

As a threshold matter, federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing."). The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the IJ makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78. Accordingly, this Court's review of the April 2, 2026 bond hearing is limited to considering whether the hearing was fundamentally fair under *Ghanem.*

After reviewing the transcript of the April 2, 2026 hearing, ECF No. 10-1, the Court concludes that the hearing was fundamentally fair. First, the IJ's factfinding was based on a record produced before the IJ and disclosed to Petitioner. *See* ECF No. 10-1 at 1 (IJ admitting evidence submitted by Petitioner at outset of the hearing). Second, the IJ gave Petitioner's counsel the opportunity to present arguments regarding flight risk. *Id.* at 1–2. Finally, the IJ made an individualized determination of Petitioner's interests, ultimately determining that Petitioner posed

a flight risk. *Id.* at 3. Thus, the April 2, 2026 bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioner's due process rights.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion to Enforce the Court's March 31, 2026 Order, ECF No. 10, IS DENIED.

DATED this 30th day of April, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record